1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

9   ZANE FLOYD,                      )
                                     )
10              Petitioner,          )        2:06-CV-0471-PMP-LRL
                                     )
11   vs.                             )
                                     )        **ORDER**
12   E.K. McDANIEL, *et al.*,        )
                                     )
13              Respondents.         )
                                     )
14   _____/

15

16              Before the court is respondents' motion to dismiss (docket #27) the amended petition

17   for writ of habeas corpus (docket #18) filed by Zane Floyd, a Nevada prisoner sentenced to death.

18   Respondents argue that Floyd's petition must be dismissed because he has failed to exhaust state

19   court remedies for several claims contained in the petition.  Respondents also assert that Rhyne's

20   petition contains claims that are not cognizable in a federal habeas proceeding.

21              In response (docket #34), Floyd argues that the motion to dismiss is premature in

22   view of the court's second scheduling order (docket #14) and that the court should postpone its

23   decision on the motion until his motion for leave to conduct discovery (docket #35) is briefed and

24   ruled upon.  In the alternative, Floyd moves for a stay and abeyance in accordance with *Rhines v.*

25   *Weber*, 544 U.S. 269 (2005).

26              In arguing that the motion to dismiss is premature, Floyd states that the amended

1    petition he filed on October 16, 2006, was filed "out of concern for the constant changes in federal

2    habeas law" and that he envisioned filing an additional petition (a so-called "final petition") on or

3    before September 28, 2007 (the deadline for Floyd's "amended petition" set forth in the second

4    scheduling order (docket #14)).  According to Floyd, he should be permitted an opportunity to

5    conduct formal discovery and file a "final petition" before the court rules on the respondents' motion

6    to dismiss.

7         Floyd's presumption that he may file yet another amended petition at the conclusion

8    of discovery proceedings conflicts with the second scheduling order, which provides for a single

9    amended petition to be filed anytime prior to or on September 28, 2007.  Floyd is not permitted to

10   file multiple amended petitions simply because he elected to file his amended petition well before

11   the deadline for doing so and prior to filing a motion for leave to conduct discovery.  Instead, any

12   further amendment of his petition would require leave of the court.  Fed. R. Civ. P. 15.

13        The court recognizes that it has routinely entered scheduling orders in capital habeas

14   cases, including this one, that provide the opportunity for discovery *prior* to the filing of an amended

15   petition   Part of the rationale for doing so may have been, as Floyd argues, to ensure that a petitioner

16   is "able to raise all known constitutional claims pursuant to *McCleskey v. Zant*, 499 U.S. 467

17   (1991)."  However, Floyd is misguided in contending that this practice is "enshrined" in a "Standard

18   Order system."  Instead, the common practice currently in place in capital habeas cases in this district

19   is for the court to enter the second scheduling order after holding a status conference at which it

20   solicits input from each counsel as to the scheduling of further proceedings.[1]

21        The court also appreciates that recent changes in federal habeas law, most notably the

22   limitation imposed by *Mayle v. Felix*[2] on habeas claims "relating back," was the driving force behind

23   Floyd not waiting until the completion of discovery before filing an amended petition.  Nonetheless,

24   _____

25   [1]   This was the practice followed in this case.  Docket ## 11 and 13.  Despite having
     approximately three months advance notice of the status conference, Floyd's counsel made no mention
26   of wanting to file an amended petition both before and after discovery proceedings.  *Id.*

     [2]   545 U.S. 644 (2005),

by filing his amended petition, Floyd triggered the provision in the second scheduling order that

required the respondents to respond to his amended petition within sixty days.  Docket #14.

Respondents confirmed for Floyd and the court that a response to the amended petition was

forthcoming when they filed a motion for extension of time within which to file an answer or other

response.  Docket #22.  As respondents point out, that would have been a good opportunity for Floyd

to make known his desire or intention to file another amended petition before a responsive pleading

was filed.

Based on the foregoing, the court rejects Floyd's argument that respondents' motion

to dismiss is premature and that the court should postpone its decision on the motion until his motion

for leave to conduct discovery is briefed and ruled upon.  Thus, respondents' motion to dismiss is

properly before the court for decision.

As for the merits of respondents' motion to dismiss, it is not seriously disputed that

Floyd's petition contains unexhausted claims.  Floyd essentially concedes as much in his amended

petition (docket #18, p. 3) and in his response to the motion to dismiss (docket #34).  In *Rose v.

Lundy*, the Supreme Court held that a mixed petition, i.e., a petition raising both exhausted and

unexhausted claims, must be dismissed for failure to completely exhaust available state remedies.

455 U.S. 509, 518-22 (1982).  The Court instructed, however, that the district courts must give a

petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting

the habeas petition to present only exhausted claims to the district court."  *Id.* at 510.  Applying

*Rose*, the Ninth Circuit has consistently held that "outright dismissal without leave to amend of the

petitioner's federal habeas petition was improper," and "that district courts must provide habeas

litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims."

*Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (internal quotation marks omitted); *see also*

*Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).

In addition, the Supreme Court has held that, to prevent petitioners from "forever

losing their opportunity for any federal review of their unexhausted claims," a district court has

1   discretion to stay a mixed petition.  *Rhines*, 544 U.S. at 275.  The Court in *Rhines* not only approved

2   the use of the stay and abeyance procedure, it suggested that, in some circumstances, the district

3   court would be guilty of an abuse of discretion if it failed to employ the procedure:

4           [I]t likely would be an abuse of discretion for a district court to deny a stay
        and to dismiss a mixed petition if the petitioner had good cause for his failure to
5       exhaust, his unexhausted claims are potentially meritorious, and there is no indication
        that the petitioner engaged in intentionally dilatory litigation tactics. In such
6       circumstances, the district court should stay, rather than dismiss, the mixed petition.

7   *Id*. at 278 (internal citation omitted).

8           Given that outright dismissal is not an option and that Floyd has clearly indicated that

9   he does not wish to abandon unexhausted claims, the only question that remains is whether stay and

10  abeyance is appropriate.  While they disparage Floyd's effort to show that a stay is warranted in this

11  case, respondents concede that, "[c]onsidering the current posture of the pleadings, Floyd will most

12  likely be able to make the required showing."  Docket #45, p. 6.  Respondents also note that ordering

13  a return trip to state court to exhaust state remedies "would resolve the currently presented mixed

14  petition and move the instant litigation forward."  *Id*.

15          Having reviewed Floyd's amended petition, the procedural history of this case, and

16  relevant portions of the record, this court is satisfied that the requirements for a stay set forth in

17  *Rhines* are present in this case.  Accordingly, a stay shall be issued.  Petitioner is advised, however,

18  that this shall be the only time that such procedures will be employed in this case.  Floyd must

19  exhaust *all* of his unexhausted claims in state court during the stay of this action imposed pursuant to

20  this order.

21          The stay and abeyance of these proceedings renders moot Floyd's motion for leave to

22  conduct discovery (docket #35).  Assuming Floyd is unable to obtain the relief he seeks in state

23  court, this court does not foreclose the possibility that discovery may be permitted, upon a showing

24  of good cause, at some point after the stay is lifted.

25          **IT IS THEREFORE ORDERED** that petitioner's request for a stay and abeyance

26  (docket #34) is GRANTED.  This federal habeas proceeding is STAYED and further proceedings

4

1 | shall be held in ABEYANCE pending petitioner's exhaustion of state court remedies.

2 |      **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (docket #27) is

3 | DENIED without prejudice.

4 |      **IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Conduct

5 | Discovery (docket #35) and respondents' Motion for Enlargement of Time (docket #46) are

6 | DENIED as moot.

7 |      **IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45)** days from

8 | the date this order is entered within which to commence an appropriate state court proceeding.

9 | Petitioner's counsel shall seek appointment as counsel for petitioner in the state court proceeding.

10 |      **IT IS FURTHER ORDERED** that petitioner shall file a status report describing the

11 | status of his state court litigation on or before June 15, 2007, and then every six months thereafter

12 | (December 15, 2007; June 15, 2008; December 15, 2008; etc.) during the stay of this action.

13 |      **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state

14 | court proceedings, petitioner shall, within **thirty (30) days**, make a motion to lift the stay.

15 |      **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a

16 | motion by respondents if petitioner does not comply with the time limits in this order, or if he

17 | otherwise fails to proceed with due diligence, during the stay imposed pursuant to this order.

18 |      **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be

19 | the final opportunity petitioner shall be permitted to return to state court to exhaust claims for habeas

20 | corpus relief.

21 |      DATED:  April 23, 2007.

25 | PHILIP M. PRO
United States District Judge

5