UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ZANE FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | 2:06-CV-0471-PMP-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

In this habeas corpus case under 28 U.S.C. § 2254, petitioner Floyd has moved for the court's reconsideration of its August 20, 2012, order (ECF No. 114), which granted in part and denied in part respondents' "Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus" (ECF No. 77). ECF No. 116. Specifically, Floyd raises the following arguments with respect to the court's determination that several of his claims are barred by the doctrine of procedural default: (1) this court failed to address his argument that the state courts violated his rights to due process and equal protection by retroactively applying a new procedural rule to bar his claims, (2) this court should reconsider its ruling that he failed to establish cause sufficient to overcome the procedural default of Claim One(A) because the court made the determination without benefit of an evidentiary hearing, and (3) this court overlooked several ineffective assistance of trial counsel claims in addressing whether the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), served to excuse the

procedural default of his claims. Respondents filed an opposition to the motion (ECF No. 118), but Floyd did not file a reply. Addressing Floyd's arguments in turn, the court finds and concludes as follows.

Floyd's first argument involves the Nevada court's application of the one-year limitation period in Nev. Rev. Stat. § 34.726 to claims of ineffective assistance of post-conviction counsel. In opposing respondents' motion to dismiss, Floyd argued that the manner in which the Nevada Supreme Court used the statute to impose a one-year time limit on such claims in his successive post-conviction petition constitutes a violation of a his rights to due process and to equal protection. ECF No. 89, p. 23-33.[1] With his current motion, he claims that his court failed to address that argument in deciding the respondents' motion to dismiss.

Floyd may have overlooked the footnote in the court's order of August 20, 2012, that did, in fact, address the argument. ECF No. 114, p. 7 n. 2. To the extent that he may consider that analysis inadequate, scrutinizing the argument more closely does not yield a different result.

His due process and equal protection argument stems from the Supreme Court's dismissal of his ineffective assistance of post-conviction counsel claims on the ground that the petition in which he raised those claims was filed more than one year after the remittitur issued from the appeal of the denial of his first petition. ECF No. 78-7, p. 74-75. According to Floyd, such dismissal was based on an inconsistent, vague, and unexpected application of Nev. Rev. Stat. § 34.726 and constituted an example of "arbitrarily disparate treatment of similarly situated litigants." ECF No. 89, p. 33.

With respect to Floyd's due process argument, this court agrees that the plain language of Nev. Rev. Stat. § 34.726 establishes finality on direct appeal, not the conclusion of a subsequent post-conviction proceeding, as the trigger date for the one-year limitation period. Even so, the Nevada Supreme Court's decision in *State v. Dist. Ct. (Riker)*, 112 P.3d 1070 (Nev. 2005), put Floyd on notice that claims of ineffective assistance of first post-conviction counsel are subject to the

---

[1] Citations to page numbers for electronically filed documents are based on the CM/ECF pagination.

timeliness bar of Nev. Rev. Stat. § 34.726.  *See Riker*, 112 P.2d at 1077.  The state court's application of the statute to bar ineffective assistance of post-conviction counsel claims filed more than a year after the proceeding from which those claims arose was not so unexpected or outlandish that it constitutes a constitutional violation.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (noting that federal court must accept a state court's interpretation of state law and that habeas petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process).

By relying on *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam), and *Myers v. Y1st*, 897 F.2d 417 (9th Cir.1990), for his equal protection arugment, Floyd is presumably making a "class of one" claim.  *See Olech*, 528 U.S. at 564.  In order to succeed with such a claim, Floyd would need to show that the Nevada court "intentionally, and without rational basis, treated [him] differently from others similarly situated."  *See North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citing *Olech*, 528 U.S. at 564).  He fails in this regard because there is no indication that the state court knowingly singled him out for disparate treatment.  *See id.* (rejecting equal protection claim where class of one plaintiff failed to show that discriminatory treatment was intentionally directed just at him).

Next, Floyd argues that this court should reconsider its ruling that he failed to establish cause, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), sufficient to overcome the procedural default of Claim One(A), because the court made the determination without benefit of an evidentiary hearing.  In Claim One(A), Floyd asserts that his trial counsel was ineffective due to his performance in relation to the penalty phase of his trial.  Specifically, he alleges that counsel was ineffective in failing to develop evidence that Floyd suffered from organic brain damage caused by Fetal Alcohol Spectrum Disorder (FASD) and in failing to delve into Floyd's social history of child abuse and substance abuse.

In analyzing whether Floyd had shown cause under *Martinez* for his default of Claim One(A), this court assessed the evidence proffered with Floyd's petition and concluded that post-

1  conviction counsel's failure to advance the claim in Floyd's initial post-conviction proceeding was
2  not unreasonable or outside the bounds prevailing professional norms. ECF No. 114, p. 17-19.
3  Floyd contends that this court should have held an an evidentiary hearing to more accurately weigh
4  the effect the proffered evidence would have had on the jury.

5      There is no merit to this argument. This court considered all of his proffered evidence at face
6  value – i.e., without it being tested by the opposition at a hearing – and still found it lacking. In
7  addition, the arguments Floyd advances in support of his request for reconsideration were either
8  raised or available to be to raised in prior briefing. In short, Floyd has presented nothing with his
9  current motion that would justify the granting of relief from the court's decision to find Claim
10 One(A) procedurally defaulted.

11     Finally, Floyd contends that this court overlooked several ineffective assistance of trial
12 counsel claims in addressing whether the holding in *Martinez* served to excuse the procedural default
13 of his claims. Specifically, Floyd points to allegations within Claim One that his trial counsel was
14 ineffective in failing to litigate the issues raised in Claims Two through Six, and also the ineffective
15 assistance claims set forth under subsections C, E, F, and G of Claim One.

16     Floyd is correct inasmuch as the court did not conduct an explicit *Martinez* analysis of these
17 claims in its order of August 20, 2012. The court notes, however, that Floyd, despite having ample
18 opportunity to do so (see ECF No. 101), neglected to make anything more than a cursory,
19 unsubstantiated argument (if any argument at all) that the procedural default of any of these claims
20 should be excused under *Martinez*. And, even with his current motion, Floyd has not advanced any
21 substantive *Martinez* arguments in relation to the claims. As such, the court declines to reconsider
22 its decision to dismiss those claims as procedurally defaulted.

23     **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No.
24 116) is DENIED.
25 \ \ \
26 \ \ \

4

1  **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date on which this order is entered within which to file their answer to petitioner's remaining claims. In all other respects, the scheduling of this matter is governed by the order entered on March 22, 2011 (ECF No. 61).

DATED: February 22, 2013.

_____
UNITED STATES DISTRICT JUDGE