**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZANE FLOYD, ) | |
| ) | |
| Petitioner, ) | 2:06-cv-0471-PMP-CWH |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| RENEE BAKER, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Introduction

In this capital habeas corpus action, brought by Zane Floyd, a Nevada prisoner sentenced to death, in an order entered on September 22, 2014 (ECF No. 145), the court denied Floyd's habeas corpus petition; judgment was entered the same day (ECF No. 146).

On October 20, 2014, Floyd filed a motion to alter or amend judgment (ECF No. 147), and on October 21, 2014, Floyd filed a corrected motion to alter or amend judgment (ECF No. 148). Respondents filed an opposition to the corrected motion on November 12, 2014 (ECF No. 155). Floyd filed a reply in support of that motion on December 10, 2014 (ECF No. 161).

The court will deny the original motion, filed on October 20, 2014 (ECF No. 147), as moot, as the court understands it to be superseded by Floyd's corrected motion, filed the following day. The court will grant Floyd's corrected motion (ECF No. 148) in part and deny it in part, as is discussed below.

Standards Applicable to Rule 59(e) Motion

Floyd's corrected motion to alter or amend judgment is made pursuant to Federal Rule of Civil Procedure 59(e).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). In *McDowell*, the court quoted Charles Alan Wright, *et al.*, Federal Practice and Procedure, as follows:

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*McDowell*, 197 F.3d at 1255 n.1 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)) (emphasis in original); *see also Ybarra v. McDaniel,* 656 F.3d 984, 998 (9th Cir.2011).

Claim 10A

In his corrected motion to alter or amend judgment, Floyd requests the court to reconsider its ruling regarding Claim 10A, with regard to certain claims of prosecutorial misconduct.

In Claim 10A, Floyd claims that his constitutional rights were violated by improper closing arguments of the prosecutors in both the guilt and penalty phases of his trial. *See* Second Amended Petition (ECF No. 66), pp. 195-202. In the September 22, 2014, order, in its discussion of Claims 1D(1) and 10, and the related part of Claim 17A, the court considered and denied Claim 10A. *See* Order entered September 22, 2014, pp. 7-27. In a footnote, the court noted that certain claims were

made under the heading of Claim 10 for the first time in Floyd's reply, and the court declined to consider such claims for that reason:

> Floyd asserts certain claims for the first time in the portion of his reply concerning Claim 10: regarding comments in the State's opening statement in the guilt phase of the trial (Reply (ECF No. 134), pp. 43, 45); regarding a comment by a prosecutor that the jury should make certain that the next day's newspaper headlines read "death penalty" (Reply, p. 43); regarding a prosecutor's argument that "I trust that you will agree with Mr. Bell and myself that for his crimes he deserves what is in this case a just penalty of death" (Reply, p. 45); regarding a prosecutor's characterization of mitigating evidence as "excuses" (Reply, pp. 43-44); and regarding a prosecutor saying "give me a break" in response to the defense position that Floyd's cooperation with the police was a mitigation circumstance (Reply, pp. 43-44). Floyd did not include these claims in his second amended petition. *See* Second Amended Petition, pp. 195-204. They are improperly raised for the first time in the reply, and the court does not consider them. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994).

Order entered September 22, 2014, p. 7 n.4.

Floyd contends, in his corrected motion to alter or amend judgment, that the court "committed clear error by excluding from his consideration in Claim 10A a prosecutorial misconduct claim presented in Claim 7A and incorporated into Claim 10A." Corrected Motion to Alter or Amend Judgment (ECF No. 148), p. 3. In this regard, Floyd points to a passage in Claim 10A, in which he incorporates by reference claims from "claim FIVE(A)," but not claims from Claim 7A. *Id.*; *see also* Second Amended Petition for Writ of Habeas Corpus, p. 195. Floyd acknowledges that, in Claim 10A, he "inaccurately cited to and incorporated Claim 5A rather than Claim 7A." Corrected Motion to Alter or Amend Judgment, p. 3 n.1. Given the inaccurate incorporation by reference in Claim 10A, it is not surprising that the court did not consider, as part of its discussion of that claim, claims made in Claim 7A.

At any rate, with respect to the claims made by Floyd in Claim 7A and not considered by the court under the heading of Claim 10A (*see* Order entered September 22, 2014, p. 7 n.4), the court did consider those claims, as follows, in the context of its discussion of Claim 7A:

> In Claim 7, Floyd claims that "Nevada law fails to properly channel death sentences by limiting the scope of victim-impact testimony." Second Amended Petition, p. 182. Floyd contends that his federal constitutional rights were, as a result, violated in two ways: Floyd contends that his rights were violated on account of his

3

trial counsel's failure to object to comments about the victims made by a prosecutor in the State's opening statement at the guilt phase of his trial, and Floyd contends that his rights were violated by the testimony of Mona Nall at the penalty phase of his trial. *See id.* at 182-88. [Footnote: In Claim 17A, Floyd asserted that his appellate counsel was ineffective for failing to raise all aspects of this claim on his direct appeal. Amendment to Second Amended Petition (ECF No. 95), p. 264. Floyd has abandoned that claim. *See* Reply, p. 37 n.9.]

Regarding the State's opening statement in the guilt phase of his trial, Floyd contends that his trial counsel should have objected to the following remarks of the prosecutor regarding the people Floyd shot at the grocery store:

> When he got to that east door, first person he saw was a fellow by the name of Thomas Darnell. Thomas Darnell was a 40 year old young man. He had suffered some childhood illnesses that left him mentally impaired. He lived home with his mother and father. He worked as a courtesy clerk. It was his job to pick up the carts and bring them back into the store. And he was pushing the carts in from the parking lot. Zane Floyd ran up from the back, threw off his robe and shot him in the back.
>
> \* \* \*
>
> Zane Floyd moved up aisle 7, and the next person he confronted was a fellow by the name of Chuck Leos. Chuck Leos was 41, just celebrated his first anniversary to his wife, Leanne. He was the frozen food man. He shot him on the right side, in the neck and the face; two shots from that shotgun.
>
> He saw Dennis Troy Sargent. Troy Sargent was the night manager. He was the boss there, a young man with a six year old son. Zane Floyd shot him once straight on in the chest.
>
> \* \* \*
>
> He went into the back room area and found the only person that wasn't hiding that didn't realize what was going on. Her name was Lucy Tarantino. She was in her early Sixties. She was a wife, mother of three, grandmother. She was the salad lady. It was her job to get the salad stuff ready.
>
> \* \* \*
>
> Lucy Tarantino was shot the top of her head, and there is nothing left but her lower jaw. Everything else just exploded and left.

Transcript of Jury Trial, July 11, 2000, Exhibit 38, pp. 145-50; *see also* Second Amended Petition, pp. 182-83.

On the appeal in his first state habeas action, the Nevada Supreme Court ruled as follows:

4

> Floyd also claims that his counsel were ineffective in failing to challenge two remarks by the prosecutor in the opening statement of the guilt phase. The prosecutor was describing two of the murder victims. He told the jury that "Chuck Leos was 41, just celebrated his first anniversary to his wife, Leanne," and that "Lucy Tarantino ... was in her early sixties. She was a wife, mother of three, grandmother." Floyd argues that this was victim impact evidence which was highly prejudicial and inadmissible in the guilt phase. This argument is unpersuasive. The prosecutor's remarks were not inflammatory, and "facts establishing a victim's identity and general background" are admissible. [Footnote: *Libby v. State*, 109 Nev. 905, 916, 859 P.2d 1050, 1057 (1993), *vacated on other grounds*, 516 U.S. 1037 (1996).] Again Floyd's counsel were not ineffective.

Order of Affirmance, Petitioner's Exhibit 12, pp. 7-8.

> To the extent that the Nevada Supreme Court ruled that the prosecutor's remarks were allowable under state law, and that any objection under state law would have been futile, that court's ruling is authoritative and not subject to review in this federal habeas corpus action. Floyd does not point to any federal law holding such general background information about the victims, in the guilt phase of the trial, to be inadmissible. Floyd cites only *Payne v. Tennessee*, 501 U.S. 808 (1991), but the Court in *Payne* did not address the question of the introduction of such basic victim background information in the guilt phase of a capital trial. In short, Floyd makes no showing that the challenged remarks in the State's opening statement were improper and subject to any valid objection. There is no showing that Floyd's trial counsel was ineffective for not objecting to those remarks. *See Strickland*, 466 U.S. at 688. The Nevada Supreme Court's denial of relief on this claim of ineffective assistance of trial counsel was not contrary to, or an unreasonable application of, *Strickland*, or any other clearly established federal law, as determined by the Supreme Court of the United States.

Order entered September 22, 2014, pp. 46-47.

The court has, therefore, examined the arguments of the prosecutors in their opening statement complained of by Floyd in Claim 7A, and finds that those arguments were not a violation of Floyd's due process rights. Whether considered alone or together with the other prosecution arguments complained of by Floyd, those arguments, examined in the context of Floyd's entire trial, did not infect the trial with unfairness.

As for the remainder of the claims that the court declined to consider in its discussion of Claim 10A (*see* Order entered September 22, 2014, p. 7 n.4), Floyd concedes that he first raised those in his reply. *See* Reply in Support of Motion to Alter or Amend Judgment, pp. 3-6. Nevertheless, he urges the court to reconsider its September 22, 2014, order, and consider those

5

claims. It remains this court's view that Floyd improperly raised those claims for the first time in his reply, and the court, therefore, need not address them, and denies them on that basis. Moreover, and in the alternative, the court has examined those claims of improper prosecution argument -- a comment by a prosecutor that the jury should make certain that the next day's newspaper headlines read "death penalty" (*see* Reply (ECF No. 134), p. 43); a prosecutor's argument that "I trust that you will agree with Mr. Bell and myself that for his crimes he deserves what is in this case a just penalty of death" (*see* Reply, p. 45); a prosecutor's characterization of mitigating evidence as "excuses" (*see* Reply, pp. 43-44); and a prosecutor saying "give me a break" in response to the defense position that Floyd's cooperation with the police was a mitigating circumstance (*see* Reply, pp. 43-44) -- and determines that, considering those comments in light of the entire trial, including the other alleged improper prosecution arguments, they do not approach the standard for a due process violation; those comments did not infect Floyd's trial with unfairness.

Floyd's corrected motion to alter or amend judgment, with regard to the court's ruling on the merits of Claim 10A, is without merit. The court will not alter or amend its judgment with respect to its ruling on the merits of Claim 10A.

<u>Certificate of Appealability - Claims Related to Claim 10A</u>

In the September 22, 2014, order, the court described, as follows, the standard for issuance of a certificate of appealability:

> The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court interpreted 28 U.S.C. §2253(c) as follows:
>
> > Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

>constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.
>
>*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000).

Order entered September 22, 2014, pp. 63-64. The court went on to grant Floyd a certificate of appealability with respect to the following issues:

- the claim that the prosecutors made improper closing arguments (Claim 10A);

- the claim regarding the testimony of a prosecution expert witness based in part on test results obtained by a defense expert, who was identified by the defense as a testifying expert, but who, after the defense changed its mind, was not called to testify (Claim 4B(1)); and

- the claim regarding Mona Nall's victim impact testimony, regarding the kidnapping of Thomas Darnell's family and the sexual assault of his sister (part of Claim 7).

*Id.* at 64-65.

Floyd argues, in his corrected motion to alter or amend the judgment, that the court should expand the certificate of appealability to include, along with Claim 10A, claims in Claims 1D(1), 1J, 10B, 16, and 17A that are related to Claim 10A, as well as his request for an evidentiary hearing with respect to those claims. *See* Corrected Motion to Alter or Amend Judgment, pp. 6-9. This argument by Floyd is well-taken. The court finds that, with respect to those claims related to Claim 10A, and with respect to the related motion for evidentiary hearing, Floyd meets the standard for issuance of a certificate of appealability. The court will grant Floyd's corrected motion to alter or amend judgment, and expand the certificate of appealability, in this regard.

Certificate of Appealability - Procedural Issues

Floyd also requests, in his corrected motion to alter or amend the judgment, that the certificate of appealability be expanded to include procedural issues. *See* Corrected Motion to Alter or Amend Judgment, pp. 9-13.

Floyd requests that the court grant a certificate of appealability with regard to the issue whether the statute of limitations at Nev. Rev. Stat. 34.726 was adequate to support application of

the procedural default doctrine. *See id*. at 10-11. In orders entered on August 20, 2012, and February 2, 2013, the court applied the procedural default doctrine, and dismissed certain of Floyd's claims. *See* Order entered August 20, 2012 (ECF No. 114) (order on motion to dismiss); Order entered February 2, 2013 (ECF No. 119) (order on motion for reconsideration). The court ruled the Nev. Rev. Stat. 34.726 statute of limitations to be adequate to support application of the procedural default doctrine. *See* Order entered August 20, 2012, pp. 5-10. Regarding that issue, the court finds that Floyd meets the standard for issuance of a certificate of appealability. The court will grant Floyd's corrected motion to alter or amend judgment, and expand the certificate of appealability in that regard.

Also with respect to the application of the procedural default doctrine, Floyd requests that the court grant a certificate of appealability with regard to whether he can establish cause and prejudice under *Martinez v. Ryan*, 134 S.Ct. 296 (2013), to overcome his procedural default of the following claims: Claims 1A, 1B, 1D (in part), and 17 (in part); Claims 1C, 1F, 1G, and 2, as incorporated by reference into Claim 1; and Claim 5, when considered as a new claim under *Dickens v. Ryan*, 740 F.3d 1302, 1319-20 (9th Cir.2014) (en banc) *cert. denied Dickens v. Arizona* 522 U.S. 920 (1997). *See* Corrected Motion to Alter or Amend Judgment, pp. 9-13; *see also* Reply in Support of Corrected Motion to Alter or Amend Judgment, pp. 10-12, 15-17. Here too, the court finds that Floyd meets the standard for issuance of a certificate of appealability. The court will grant Floyd's corrected motion to alter or amend judgment, and expand the certificate of appealability in this regard as well.

Conclusion

The court will therefore, grant in part and deny in part Floyd's corrected motion to alter or amend judgment. The effect will be to expand the certificate of appealability. To effect that change, the court will separately enter an Amended Order Denying Second Amended Petition for Writ of Habeas Corpus, and will direct that an amended judgment shall be entered accordingly.

**IT IS THEREFORE ORDERED** that Floyd's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (ECF No. 147) is **DENIED** as moot, as it was superceded by Floyd's Corrected Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (ECF No. 148).

**IT IS FURTHER ORDERED** that Floyd's Corrected Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (ECF No. 148) is **GRANTED IN PART AND DENIED IN PART**. The court will, separately, enter an Amended Order Denying Second Amended Petition for Writ of Habeas Corpus, which will include the following four amendments of the order entered September 22, 2014 (ECF No. 145):

(1) The material at p. 64, lines 6-14, is deleted and replaced with the following:

> The court finds that, applying these standards, a certificate of appealability is warranted with respect to the following issues:
>
> - the claim in Floyd's second amended petition for writ of habeas corpus, in Claim 10A, that the prosecutors made improper closing arguments, and the related claims in Claims 1D(1), 1J, 10B, 16, and 17A, and the request for an evidentiary hearing with respect to those claims;
>
> - the claim in Floyd's second amended petition for writ of habeas corpus regarding the testimony of a prosecution expert witness based in part on test results obtained by a defense expert, who was identified by the defense as a testifying expert, but who, after the defense changed its mind, was not called to testify (Claim 4B(1));
>
> - the claim in Floyd's second amended petition for writ of habeas corpus regarding Mona Nall's victim impact testimony, regarding the kidnapping of Thomas Darnell's family and the sexual assault of his sister (part of Claim 7);
>
> - the court's determination, in ruling on the respondents' motion to dismiss, that the statute of limitations at Nev. Rev. Stat. 34.726 was adequate to support application of the procedural default doctrine; and
>
> - the issue whether Floyd can establish cause and prejudice, under *Martinez v. Ryan*, 134 S.Ct. 296 (2013), to overcome his procedural default of the following claims: Claims 1A, 1B, 1D (in part), and 17 (in part); Claims 1C, 1F, 1G, and 2, as incorporated by reference into Claim 1; and Claim 5, when considered as a new claim under *Dickens v. Ryan*, 740 F.3d 1302, 1319-20 (9th Cir.2014) (en banc) *cert. denied Dickens v. Arizona* 522 U.S. 920 (1997).
>
> The court declines to issue a certificate of appealability with respect to any other issue.

(2)   The material at p. 64, line 19, through p. 65, line 3, is deleted and replaced with the following:

> **IT IS FURTHER ORDERED** that petitioner is granted a certificate of appealability with respect to the following issues:
>
> - the claim in Floyd's second amended petition for writ of habeas corpus, in Claim 10A, that the prosecutors made improper closing arguments, and the related claims in Claims 1D(1), 1J, 10B, 16, and 17A, and the request for an evidentiary hearing with respect to those claims;
>
> - the claim in Floyd's second amended petition for writ of habeas corpus regarding the testimony of a prosecution expert witness based in part on test results obtained by a defense expert, who was identified by the defense as a testifying expert, but who, after the defense changed its mind, was not called to testify (Claim 4B(1));
>
> - the claim in Floyd's second amended petition for writ of habeas corpus regarding Mona Nall's victim impact testimony, regarding the kidnapping of Thomas Darnell's family and the sexual assault of his sister (part of Claim 7);
>
> - the court's determination, in ruling on the respondents' motion to dismiss, that the statute of limitations at Nev. Rev. Stat. 34.726 was adequate to support application of the procedural default doctrine; and
>
> - the issue whether Floyd can establish cause and prejudice, under *Martinez v. Ryan*, 134 S.Ct. 296 (2013), to overcome his procedural default of the following claims:  Claims 1A, 1B, 1D (in part), and 17 (in part); Claims 1C, 1F, 1G, and 2, as incorporated by reference into Claim 1; and Claim 5, when considered as a new claim under *Dickens v. Ryan*, 740 F.3d 1302, 1319-20 (9th Cir.2014) (en banc) *cert. denied Dickens v. Arizona* 522 U.S. 920 (1997).
>
> With respect to all other issues, petitioner is denied a certificate of appealability.
>
> **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter an Amended Judgment accordingly.

(3)   The material at p. 27, lines 3-4, is deleted and replaced with the following (this amendment is made by the court *sua sponte* to correct a clerical error):

> The court denies Floyd habeas corpus relief with respect to Claim 1D(1), Claim 10, and the Related Part of Claim 17A, and denies Floyd's motion for an evidentiary hearing with respect to those claims.

(4) At p. 12, line 16, the phrase "did not have had any" is deleted and replaced by the phrase "had no" (this amendment is made by the court *sua sponte* to correct a clerical error).

In all other respects, the Corrected Motion to Alter or Amend Judgment Pursuant to Rule 59(e) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter an Amended Judgment as directed in the separately-filed Amended Order Denying Second Amended Petition for Writ of Habeas Corpus.

Dated this 17th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE