UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZANE FLOYD,<br><br>        Petitioner,<br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>        Respondents. | Case No. 2:06-cv-00471-RFB-DJA<br><br>**ORDER** |

Before the Court are Petitioner's motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure (ECF No. 183) and motion for leave to supplement petition for writ of habeas corpus (ECF No. 185). With the former, Petitioner asks the Court to relieve him from its previous judgment in this federal habeas case and allow him to litigate his claim that his execution under Nevada's lethal injection protocol is unconstitutional. With the latter, he asks the Court to supplement Claim Eleven of his second amended petition for writ of habeas corpus (ECF No. 66). For reasons that follow, the motions are denied.

**I.    BACKGROUND**

In September of 2000, Petitioner was convicted of four counts of first-degree murder (and several related offenses) and sentenced to death. After failing to obtain relief on direct appeal, Petitioner pursued post-conviction relief in the Nevada courts. Shortly after those proceedings concluded in February 2006, Petitioner initiated habeas corpus proceedings in this Court.

With the assistance of appointed counsel, Petitioner filed a first amended habeas petition in October 2006. When the Respondents moved to dismiss the petition due to Petitioner's failure to exhaust state court remedies, this Court issued a stay under Rhines v. Weber, 544 U.S. 269 (2005), to allow Petitioner to pursue exhaustion in state court. In June 2007, Petitioner filed a

second state habeas petition in state district court, which was denied. The Nevada Supreme Court affirmed that ruling in November 2010.

In March 2011, this Court granted Petitioner's motion to lift the stay and reopen federal habeas proceedings. Petitioner then filed a second amended petition for writ of habeas corpus. Claim Eleven of that petition challenged the constitutionality of execution by lethal injection, alleging it constitutes cruel and unusual punishment in all cases and, more specifically, in the manner Nevada intended to carry out the sentence under its then-current protocol. In ruling upon Respondents' subsequent motion to dismiss, this Court dismissed Claim Eleven as procedurally defaulted because the Nevada Supreme Court had dismissed the claim as untimely under Nevada law.

In September 2014, this Court entered a final order denying the second amended petition on the merits, then, in December 2014, entered an amended final order that expanded the initial certificate of appealability. On appeal, the Ninth Circuit affirmed this Court's denial of habeas relief. Floyd v. Filson, 949 F.3d 1128 (9th Cir.), cert. denied sub nom. Floyd v. Gittere, 141 S. Ct. 660 (2020). With respect to the portion of Claim Eleven that challenged Nevada's lethal injection protocol, the court of appeals held that the claim was "not yet ripe" because Nevada had no current protocol that it could apply to the Petitioner. Id. at 1152.

In late-March 2021, the State of Nevada notified the media that it would be seeking a warrant of execution to carry out Petitioner's death sentence. On April 15, 2021, Petitioner filed the two motions now before the Court for decision. The following day, Petitioner filed a complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Nevada's then-current execution protocol. See Case No. 3:21-cv-00176-RFB-CLB. He also filed in that case a motion for preliminary injunction/temporary restraining order and a motion for disclosure of method of execution. ECF Nos. 5-7. On April 21, 2021, Petitioner also filed a motion for stay of execution in the § 1983 case.

On June 7, 2021, the state district court entered an order of execution for the week of July 26, 2021. Within the next few days, the State of Nevada finalized a new execution protocol replacing the protocol in place when Petitioner filed his motions in this case and his § 1983

complaint. On July 6, 2021, this Court granted Petitioner's motions for a preliminary injunction and a stay of execution in the § 1983 case and enjoined the State from implementing any execution warrant or order prior to October 25, 2021. The State of Nevada appealed that decision to the Ninth Circuit. That appeal was subsequently denied as moot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with AEDPA,[1] including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). Gonzalez, 545 U.S. at 529.

## III.   DISCUSSION

As an initial matter, this Court concludes that Petitioner's Rule 60(b) motion is neither raising an entirely "new claim" nor is it attacking "the federal court's resolution of a claim on the merits." See id. at 531-32. Instead, Petitioner is seeking to revive a claim that was dismissed for technical procedural reasons. Thus, it is comparable to cases in which the court concluded that such a dismissal should not prevent the petitioner from ever obtaining federal habeas review of his claim due to the bar on second or successive petitions. See Ybarra v. Filson, 869 F.3d 1016, 1022–23 (9th Cir. 2017) (discussing Stewart v. Martinez-Villareal, 523 U.S. 637 (1998)).

Accordingly, Petitioner's Rule 60(b) motion is not a successive petition for the purposes of § 2244(b). And, because Petitioner promptly filed his Rule 60(b) motion when the

///

---

[1] The Antiterrorism and Effective Death Penalty Act.

3

State announced its intent to proceed with his execution, the motion was made "within a reasonable time" for the purposes of Fed. R. Civ. P. 60(c)(1).

Petitioner argues that the possibility that he will face execution with no court ever entertaining his habeas challenge to the constitutionality of the execution combined with the substantive merit of his proposed claim amount to the type of extraordinary circumstances warranting Rule 60(b) relief. However, this Court questions, as a threshold issue, whether his proposed supplemental claim may be brought in habeas corpus given the nature of Petitioner's allegations and his pending § 1983 action. Simply put, this Court does not find that it would be proper to reopen this case to consider Petitioner's challenge to Nevada's lethal injection protocol if such proceedings would be futile. See Lopez v. Ryan, 678 F.3d 1131, 1137 (9th Cir. 2012) ("In the final analysis, however,. . . Lopez's underlying claim does not present a compelling reason to reopen the case, because that claim is not a substantial one.").

In Nettles v. Grounds, 830 F.3d. 922 (9th Cir. 2016) (en banc), the Ninth Circuit held that habeas corpus and § 1983 are mutually exclusive remedies. A § 1983 action is the "exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus;" and "habeas is available only for state prisoner claims that lie at the core of habeas." Id. at 927, 930.

Relying on Supreme Court and Ninth Circuit case law, Respondents argue that method-of-execution challenges must be brought under § 1983 and are not cognizable in a habeas proceeding. ECF No. 192 at 5-6 (citing Glossip v. Gross, 576 U.S. 863 (2015); Hill v. McDonough, 547 U.S. 573 (2006); Nelson v. Campbell, 541 U.S. 637 (2004); Beardslee v. Woodford, 395 F.3d 1064 (9th Cir. 2005)). In both Nelson and Hill, the Supreme Court condoned a complaint under § 1983 as an appropriate vehicle for a method-of-execution claim. The Court's reasoning in both cases was that plaintiff's action, if successful, would not invalidate the plaintiff's sentence because the State could use an alternative constitutional method to implement the sentence. Hill, 547 U.S. at 579-80; Nelson, 541 U.S. at 645-46. Later, in Glossip, the Supreme Court characterized its holding in Hill as requiring a method-of-execution claim to "be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." Glossip, 576 U.S. at 879 (citing Hill, 547 U.S. at 579-80). In a more recent case, Bucklew v. Precythe, 139 S. Ct. 1112

4

(2019), the Court addressed the standards that apply to § 1983 claims challenging methods of execution.

Petitioner counters that Respondents are oversimplifying the issue by failing to recognize that his challenge necessarily implicates the validity of his sentence because Nevada law does not provide any alternatives to lethal injection that protect him from cruel and unusual pain. He relies on an Eleventh Circuit case, Nance v. Comm'r, Georgia Dep't of Corr., 981 F.3d 1201 (11th Cir. 2020), to argue that his method-of-execution claim is cognizable in habeas. Nance involved a § 1983 action against Georgia corrections officials seeking an injunction to bar plaintiff's execution by lethal injection, the only manner of execution authorized under Georgia law. Nance, 981 F.3d at 1203. The court held, after reviewing Nelson, Hill, and Bucklew, that Nance's method-of-execution claim was cognizable only in habeas because "a judgment in Nance's favor would imply the invalidity of his death sentence—not only as a practical matter, but as a matter of logical necessity." Id. at 1210 (emphasis original).

Petitioner's Nance-based argument is flawed for at least two reasons, both of which cause this Court to question its habeas jurisdiction in this matter. First, Nance alleged in his § 1983 complaint that, due to his "unique medical situation," "the Constitution bars Georgia from executing him by any method of lethal injection, regardless of the protocol." Id. at 1203 (emphasis original). Relying on that allegation, the court in Nance concluded that Nance's § 1983 complaint was cognizable only as a habeas petition because, unlike in Hill and Nelson where an injunction would not stop the state from carrying out the execution with a different injection protocol, the injunction Nance sought would prevent his execution from being carried out at all, which perforce invalidated his sentence. Id. at 1210.

While Nevada, like Georgia, requires the use of lethal injection to carry out its death sentences, Petitioner does not allege that, due to his particular circumstances, any method of lethal injection Nevada chose to use would run afoul of the Eighth Amendment. To the contrary, Petitioner identifies, in his § 1983 complaint, a proposed alternative method of execution by lethal injection– i.e., execution by a one-drug lethal injection procedure using a barbiturate. See 3:21-cv-00176-RFB-CLB; ECF No. 120 at 49-52. The Court also notes that the current execution protocol

cannot currently be implemented as the drugs that make up the protocol have expired and the NDOC does not anticipate being able to replace them. Id. Thus, unlike in Nance, the relief Petitioner seeks in his § 1983 action would not prevent Nevada from carrying out his execution. See id. at 69.

Second, the Nance decision is premised on the mutual exclusivity between habeas and § 1983. See Nance, 981 F.3d at 1206, 1211 (citing McNabb v. Comm'r, Ala. Dep't of Corr., 727 F.3d 1334, 1344 (11th Cir. 2013)). Recognizing that it was forced to choose one or the other, the court ultimately determined that "Nance's claim falls beyond the outer border of section 1983 and is cognizable only in habeas." Id. at 1211.

Here, Petitioner is actively pursuing § 1983 relief in a separate case without any argument from the Defendants that his method-of-execution claim is not cognizable as a civil rights action. Indeed, the Petitioner in this case has secured injunctive relief in his Section 1983 case. The award of such relief only underscores the general principle that "[a section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). While the "conditions" label is not "particularly apt" for a method-of-execution challenge, the Supreme Court has recognized § 1983, rather than habeas, as the more appropriate vehicle for bringing such claims. See Nelson, 541 U.S. at 644. This Court can find no controlling or persuasive case law that allows a petitioner bringing a method-of-execution challenge, to assert, on the one hand, that his remedy lies in habeas because a successful challenge would invalidate his sentence, while, at the same time, claim he is entitled to (and receives) relief under § 1983. Clearly, Nance does not countenance such a position.

Petitioner also argues this Court should consider his supplemental habeas claim in case the Ninth Circuit or the Supreme Court rules his § 1983 challenge improper, which would foreclose his challenge to Nevada's lethal injection protocol. He has not, however, demonstrated that such a ruling is likely. In fact, as noted, Petitioner had obtained injunctive relief in his § 1983 case. Also, this Court does not find that it can premise its habeas jurisdiction on Petitioner's need for a fallback to his § 1983 case, especially given the holding in Nettles.

IV. **CONCLUSION**

In light of the foregoing, this Court finds based on the specific facts in the record before it that Petitioner's exclusive remedy with respect to his lethal injection claim is his pending civil rights action under § 1983.

**IT IS THEREFORE ORDERED** that Petitioner's motion for relief under Rule 60(b) (ECF No. 183) and motion for leave to supplement petition for writ of habeas corpus (ECF No. 185) are DENIED. The Clerk of Court is directed to administratively close this case.

**IT IS FURTHER ORDRED** that a certificate of appealability is DENIED, as jurists of reason would not find it debatable whether the Court's decision is correct.

**DATE**: March 30, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**